IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,364




EX PARTE DAVID LAMAR TARBUTTON, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. CR-1864-95-B IN THE 93RD DISTRICT COURT
FROM HIDALGO COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
possession of child pornography and sentenced to ten years’ imprisonment. He was also convicted
of two counts of indecency with a child and one count of aggravated sexual assault and sentenced
to imprisonment for ten, fifteen, and thirty years, respectively. The Thirteenth Court of Appeals
affirmed his convictions. Tarbutton v. State, No. 13-98-00101-CR (Tex. App.–Corpus Christi 1999,
no pet.). 
            Applicant contends, among other things, that he was denied his right to a unanimous jury
verdict with respect to the aggravated sexual assault count and that appellate counsel failed to advise
him of his right to file a petition for discretionary review pro se. The trial court made findings of fact
and conclusions of law and recommended that we set aside the aggravated sexual assault count and
grant Applicant an out-of-time petition for discretionary review with respect to the remaining counts. 
            We conclude that Applicant is entitled to the opportunity to file an out-of-time petition for
discretionary review of the judgment of the Thirteenth Court of Appeals in Cause No. 13-98-00101-CR that affirmed his convictions in Case No. CR-1864-95-B from the 93rd Judicial District Court
of Hidalgo County. Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). Applicant shall file
his petition for discretionary review with the Thirteenth Court of Appeals within 30 days of the date
on which this Court’s mandate issues.
            We decline to review the merits of Applicant’s jury unanimity claim. This claim and his other
claims are dismissed. Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997). Applicant may raise
these claims in a second habeas application after he exhausts his right to file a petition for
discretionary review.
 
Delivered: June 16, 2010
Do not publish